In the Matter of the Claim of HUGH HARKINS, Respondent, against NEW YORK DOCK COMPANY, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board which held the provisions of subdivision 8-a of section 15 of the Workmen's Compensation Act did not apply to the claim herein, and discharged the Special Fund from liability. When claimant was first employed as a boy by appellant he had an ankylosed condition of the right knee, a stiff right leg and a decided limp. At some time during the course of years from 1913 to 1934 he also suffered osteomyelitis in-the right knee. In 1934 he was examined by a physician for the employer and, in addition to a shortness of the right leg and ankylosis in the right knee, was found to have had an old infection in the right knee. He was classed as a "poor risk". In 1939 he had an accident as a result of which the right femur was fractured. The dormant osteomyelitis in the right knee was not reactivated. In 1944 he sustained a fracture of the condyles of the right femur and the dormant osteomyelitis was reactivated, although the fracture healed. This led to a condition which required indefinite medical treatment, with probable future disability. This serious consequence was above and beyond any disability from the fracture of the condyles of the right femur in combination with the permanent ankylosis of the right knee. While the employer undoubtedly had noticed at least by 1939 that claimant had a dormant osteomyelitic condition there is no proof in the record that such a condition was liable to be aggravated by another accident. Hence on a factual basis it was within the power of the board to hold that the retention of claimant in his employment did not bring the claim within the purview of subdivision 8-a of section 15 of the Workmen's Compensation Law. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Heffernan, Bergan and Coon, JJ., concur; Brewster, J., dissents.